IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERICK WOODS,

       Plaintiff,      OPINION AND ORDER

v.

                      09-cv-392-slc

ADAM RESNICK and F&I SOURCE, LLC,

       Defendants.

---

   In an opinion and order entered July 16, 2010, this court rejected defendant Adam Resnick's claim that he is a joint author, as that term is defined under the Copyright Act, of the Dealer Finance System.  In particular, I found that Resnick had failed to show that the contributions that he made to the system in the form of mock-ups of screen displays and Excel spreadsheets, referred to in this litigation as the "original prototype," were independently copyrightable.  Now before the court are two motions:  1) Resnick's motion for reconsideration of the joint authorship issue on the ground of newly-discovered evidence; and 2) his request, in the alternative, to remand this case to state court for adjudication of the state law counterclaims regarding licensing and trade secrets.  For the reasons stated below, I am denying Resnick's motion for reconsideration and declining to exercise supplemental jurisdiction over the state law claims.

OPINION

I. Motion for Reconsideration

   Resnick's new evidence consists of a Certificate of Copyright Registration issued by the United States Copyright Office on July 7, 2010, granting Resnick a copyright in "Unpublished Prototype (Mock-ups and Excel spreadsheets) of Menu Driven Dealer Finance System." According to Resnick, the registration corresponds to the "original prototype" that this court

found to be not copyrightable and creates a genuine issue of material fact with regard to whether Woods is the exclusive owner in the copyright in the source code.

Resnick had filed this application with the Copyright Office on April 28, 2010, ten months after Woods filed this lawsuit, nine months after Resnick filed his answer and counterclaim, eight months after the pretrial conference setting the firm schedule for this case, and not quite two weeks after Woods filed his motion for summary judgment on the federal copyright claim. Briefing continued thereafter on the summary judgment motion by both sides, and the court granted Woods's motion on July 16, 2010 in a 28-page order that involved a significant commitment of judicial resources. Ten days later, Resnick first alerted the court that the copyright had issued on July 7, 2010, nine days before the court ruled against Resnick on the copyright issue. Resnick had not previously reported to the court or to Wood or his attorney that he had filed this application.

As Resnick points out, under Rule 54(b), any order adjudicating fewer than all the claims may be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Nevertheless, motions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). "A Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *United States v. Resnick*, 594 F.3d

562, 568 (7th Cir. 2010) (quoting *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)).

Resnick seems to think that the Certificate of Registration is "newly discovered" because he did not receive it until July 7, 2010, after the parties had completed briefing on the summary judgment motions. However, if this certificate is the game-changer that he says it is, then why didn't he alert the court immediately upon receiving it? Resnick should have asked the court to admit the evidence then, *before* the court decided the summary judgment motions, rather than submit it after-the fact. More logical and efficient still, back in April, 2010, Resnick should have announced the fact of his application and requested a stay of the summary judgment proceedings until he received a decision from the copyright office. But keeping the application secret for three months while plaintiff's lawyers and the court toiled on plaintiff's summary judgment motion and then waiting to announce the copyright until after the court's adverse decision constitute unsound, unfair and unacceptable tactical decisions.

Because Resnick could have–and should have–introduced the certificate while the summary judgment motions were pending, it is not newly-discovered and affords no basis for reconsideration. *Rothwell*, 827 F.2d at 251 (evidence is "newly discovered" when it could not have been introduced during the pendency of the summary judgment motion).

Further, Resnick has failed to make any convincing argument why the certificate would matter to the outcome. His motion appears to rest on 17 U.S.C. § 410(c), which provides that a certificate of registration made before or within five years after first publication of the work shall, in any judicial proceedings, constitute "prima facie evidence of the validity of the copyright and of the facts stated in the certificate." However, as the court of appeals pointed out in *Mid*

3

*America Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir. 1995), § 410(c) simply creates a rebuttable presumption. "[T]he burden of proof in the sense of the risk of nonpersuasion . . . remains throughout the trial upon the party on whom it was originally cast." *Id*. (quoting Fed. R. Evid. 301). In his motion for reconsideration, Resnick makes no attempt to show that he could carry his burden of showing that he is a joint author of the Dealer Finance System in light of the contrary evidence submitted by Woods or explain in any detail how the court's decision would be different if it allowed him to introduce the certificate. His mere assertion that the certificate gives rise to "a genuine issue of material fact" is too conclusory to show that reconsideration is warranted. Accordingly, the court's order granting summary judgment to plaintiff stands.

## II. State Law Claims

The next question is what to do with Resnick and F&I Source's state law counterclaims, which involves their claims that Woods granted them a license to use the Dealer Finance System and that the software's source code contains trade secret information authored, developed, contributed and owned by Resnick or F&I Source. Resnick argues that the claims should be decided by the state court that is presiding over the pending state court action, whereas Woods asserts only that no issues remain for trial.

Although I agree with Woods that no *federal* claims remain to be decided at trial, it is undisputed that no party moved for summary judgment on Resnick and F&I Source's state law counterclaims. Accordingly, these claims remain viable. Neither party suggests that grounds exist for exercising diversity jurisdiction over the case, so the only ground for jurisdiction is 28

U.S.C. § 1367, under which a court has supplemental jurisdiction over state law claims that form "part of the same case or controversy" as the federal claims.

Under § 1367(c)(3), a federal district court may decline to exercise supplemental jurisdiction over state law claims once federal claims have been dismissed. Indeed, the "general rule" is that state law claims should be dismissed when all federal law claims are dismissed before trial. *Wright v. Associated Insurance Companies, Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). It is only in certain "unusual" circumstances that those factors will warrant retaining jurisdiction. *Id.*; *see also Hansen v. Board of Trustees*, 551 F.3d 599, 608-09 (7th Cir. 2008) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction."). It may be proper to retain jurisdiction over state law claims under § 1367 when, for example, the statute of limitations has run on a state law claim, substantial judicial resources have been expended on the claims or resolution of the claims is clear. *Wright*, 29 F.3d at 1251-52; *Hansen*, 551 F.3d at 608-09.

None of these unusual circumstances is present in this case. There is no suggestion that the statute of limitations has run on the state law counterclaims and this court has expended virtually no judicial resources on the claims. Apart from his inaccurate assertion that no claims remain for trial, Woods has not identified any reason why it would be appropriate for this court to decide the state law claims. A state law action for dissolution of the limited liability company is currently pending. Under these circumstances, the best approach is to leave the state law claims to the state courts. *Wright*, 29 F.3d at 1251. Therefore, I will decline to exercise supplemental jurisdiction over the state law counterclaims and dismiss those claims without prejudice to them being considered in the pending state court action.

ORDER

IT IS ORDERED that:

1. Adam Resnick's motion for reconsideration (dkt. 114) is DENIED.

2. Adam Resnick and F&I Source LLC's state law counterclaims are DISMISSED without prejudice.

3. The clerk of court is directed to enter judgment in favor of plaintiff Erick Woods and close this case.

Entered this 17th day of August, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge